UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY E. STROWMATT, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:11 CV 003 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Timothy E. Strowmatt, a *pro se* prisoner, is serving a 28-year sentence for two counts of attempted criminal confinement and habitual offender adjudication in St. Joseph County. *State v. Strowmatt,* 71D03-0404-FC-119. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE # 1.)

I.   FACTS

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Strowmatt's burden to rebut this presumption with clear and convincing evidence. *Id*. On post-conviction review, the Indiana Court of Appeals summarized the facts underlying Strowmatt's offenses as follows:

> On April 5, 2004, Strowmatt approached two little girls, ten-year-old K.D. and nine-year-old B.L., near Faith Baptist Church. He asked for their assistance in finding his daughter and offered them five dollars. They agreed to help him. He then pulled behind the church and motioned for the girls to walk over to him. When they neared the car, they noticed that he was wearing only his underwear and a white tank top. Strowmatt grabbed B.L.'s arm and tried to pull her into the car. She and K.D. resisted and ran in the opposite direction. At this point, Jackie and Linda Derrickson drove into the

parking lot and noticed the car and the girls. The girls ran over to the Derricksons' car and called the police.

Later that same day, Strowmatt approached another little girl, seven-year old A.V., who was playing in her backyard. He asked her whether she had seen his daughter and offered her one dollar to get in his car and help him find her. A.V. noticed that he had duct tape and rope underneath his front seat and said no. She then ran into the house, crying and upset, and had her mother call the police.

On April 8, 2004, all three girls picked Strowmatt's picture out of separate photographic arrays. B.L.'s sister, A.L., witnessed the incident involving B.L. and K.D. and also identified Strowmatt from a photo array. The Derricksons confirmed that Strowmatt's car was the same size and color as the one they saw in the church parking lot.

*Strowmatt v. State*, No. 71A05-0910-PC-587 (Ind. Ct. App. Jun. 18, 2010), slip op. at 2-3.

Strowmatt was charged with two counts of attempted criminal confinement of a child less than fourteen years of age and with being a habitual offender, based on two prior convictions for child molestation. *Id.* He waived his right to a jury trial and was tried before the bench. *Id.* The trial court found him guilty and sentenced him to an aggregate term of 28 years in prison. *Id.* at 3. He appealed, arguing that there was insufficient evidence to support his attempted confinement convictions. *Id.* The Indiana Court of Appeals affirmed. *Id.* He filed a petition to transfer in the Indiana Supreme Court, which was denied. (DE # 15-2 at 4.)

On February 8, 2006, Strowmatt filed a petition for post-conviction relief claiming ineffective assistance of counsel and other grounds. *Strowmatt*, No. 71A05-0910-PC-587, slip op. at 3-4. Following an evidentiary hearing, the trial court denied the petition. *Id.* at 4-5. He appealed, raising the following claims: Indiana's criminal confinement statute is

unconstitutionally vague; there was insufficient evidence of his intent to confine the victims; his trial counsel was ineffective on numerous grounds; his appellate counsel was ineffective in failing to raise certain arguments on direct appeal; and the post-conviction court erred when it failed to adequately consider all his claims. *Id.* at 7-12.

The Indiana Court of Appeals concluded that Strowmatt's free-standing claims of trial error were procedurally defaulted because they were not raised on direct appeal, and found no merit to his ineffective assistance of counsel claims. *Id.* at 7-9. The court also found no error in the post-conviction court's handling of Strowmatt's post-conviction petition. *Id.* at 9-10. Strowmatt filed a petition to transfer in the Indiana Supreme Court, which was denied. (DE # 15-3 at 6.)

Thereafter, Strowmatt filed this federal petition raising the following claims: (1) the Indiana criminal confinement statute is unconstitutionally vague; (2) his trial counsel was ineffective on various grounds; (3) he was denied due process on post-conviction review when the Indiana Court of Appeals and the Indiana Supreme Court failed to adequately consider his claims; and (4) he was denied due process on post-conviction review when the Indiana Supreme Court failed to "follow [a] previous decision rendered regarding Indiana's criminal confinement statute[.]" (DE # 1 at 3-4.)

## II.   ANALYSIS

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under

AEDPA, the court is permitted to grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of the state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.* Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree

on the correctness of the state court's decision." *Harrington v. Richter*, 555 U.S.—, 131 S. Ct. 770, 786 (2011).

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice. *Wainwright v.*

*Sykes*, 433 U.S. 72, 90 (1977). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which prevented the petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A habeas petitioner can also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). With these principles in mind, the court turns to Strowmatt's claims.

In claim one, Strowmatt asserts that the Indiana criminal confinement statute is unconstitutionally vague. (DE # 1 at 3.) He bases this claim on the Indiana Supreme Court's decision in *Brown v. State*, 868 N.E.2d 464 (Ind. 2007), which struck down a portion of the statute on vagueness grounds. Strowmatt raised this claim in the post-conviction proceedings, but the Indiana Court of Appeals determined that the claim was procedurally defaulted because it was not raised on direct appeal. *Strowmatt*, No. 71A05-0910-PC-587, slip op. at 6-7. The court nevertheless considered whether Strowmatt's counsel was ineffective in failing to raise a vagueness challenge to the confinement statute on direct appeal. *Id.* The court concluded that such an argument

would have been unavailing in any event, since *Brown* upheld that portion of the statute under which Strowmatt was convicted.[1] *Id.* at 7.

Because Strowmatt's free-standing vagueness argument was denied on state procedural grounds, the claim is defaulted and cannot be reviewed on the merits, unless Strowmatt can establish grounds for setting aside the default. *Coleman*, 501 U.S. at 735. Strowmatt appears to claim that his counsel's failure to raise this argument on direct appeal constitutes cause to set aside the default. (*See* DE # 24 at 6-7.) However, the exhaustion doctrine requires that an ineffective assistance claim be presented to the state court as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Murray*, 477 U.S. at 490. If the ineffective assistance claim being used to excuse a procedural default was itself not properly raised in state court, "the petitioner will be fully defaulted" with respect to that claim. *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002).

Here, although Strowmatt raised a claim on this ground in the post-conviction proceedings, he did not raise any ineffective assistance of counsel claims in his petition to transfer filed with the Indiana Supreme Court. (*See* DE # 15-7.) Strowmatt argues that

---

[1] Indiana law provides that a person commits the offense of criminal confinement when he knowingly or intentionally "(1) confines another person without the person's consent; or (2) removes another person by fraud, enticement, force, or threat of force, from one . . . place to another." IND. CODE § 35-42-3-3(a). In *Brown*, the Indiana Supreme Court determined that the "fraud" and "enticement" portion of the statute was unconstitutionally vague. *Brown*, 868 N.E.2d at 466-69. However, as the Indiana Court of Appeals observed, Strowmatt was convicted of violating the other portion of the statute, attempting to confine the victims without their consent. (*See* DE # 20, App. to Brief at 9-10.)

he did raise this claim before the Indiana Supreme Court because the claim could have been discerned from other portions of the appellate record. (DE # 24 at 10.) This argument is unavailing, however, because a petitioner does not properly present a claim to the state court if the court must look beyond his brief to find the claim, such as in a lower court opinion or other portions of the record. *Baldwin* 541 U.S. at 30-31. Therefore, Strowmatt did not properly present his claim to the Indiana Supreme Court.

Strowmatt also argues that to the extent there was a default, it should be excused because of his *pro se* status. (DE # 24 at 10.) This argument is also unavailing, because a petitioner's *pro se* status or lack of knowledge of the law does not establish cause to excuse a procedural default. *See Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010) (petitioner's *pro se* status did not excuse his procedural default); *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) (petitioner's *pro se* status and lack of education do not constitute cause to excuse a procedural default).

Strowmatt also asserts that the court's refusal to review his claim on the merits would result in a fundamental miscarriage of justice. (DE # 24 at 10.) To meet this exception, he must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's[.]" *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To support a

claim of actual innocence the petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* The petitioner must show that "in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 547 U.S. at 537. This is a difficult standard to meet, and such claims are "rarely successful." *Schlup*, 513 U.S. at 324.

Here, Strowmatt's actual innocence claim appears to be premised on testimony from his stepson, Carey Rowe, which he presented in the post-conviction proceedings. (DE # 24-1 at 5, 8-9.) At the post-conviction hearing, Rowe testified that Strowmatt left a message on his cell phone on the date of the offenses at around 6:40 p.m., and that he remembered Strowmatt was calling from his residence. (DE # 20, Post-Conviction ("PCR") Transcript ("Tr.") at 9-17.) Rowe did not keep the message, nor did he still have the same cell phone. (*Id.* at 15.)

Based on Rowe's testimony, Strowmatt argues that "if this Petitioner was at home at 6:00 p.m. . . . the state would certainly have the wrong person." (DE # 24-1 at 10.) Strowmatt's argument misses the mark. Even if the court were to credit this uncorroborated testimony from Strowmatt's family member, Rowe's testimony would place Strowmatt at home at 6:40 p.m., not 6:00 p.m. (DE # 20, PCR Tr. at 9-17.) The trial evidence was that the offenses occurred sometime between 6:00 p.m. and 6:30 p.m. (*Id.*, Trial Tr. at 20-22, 29, 36-37, 210-12.) There is nothing to indicate that Strowmatt could

9

not have committed the offenses during this time period and then arrived at home in time to call Rowe at 6:40 p.m. Furthermore, even if Rowe's testimony placed Strowmatt at home at 6:00 p.m., this would not exonerate him; at best it would present conflicting evidence that the jury would have to weigh. Given the other evidence of Strowmatt's guilt, including the eyewitness accounts identifying him and his vehicle, the court cannot conclude that no reasonable jury would convict him in light of Rowe's testimony. It is Strowmatt's burden to prove his actual innocence, not the state's, and based on the evidence submitted, he has failed to do so.

For these reasons, Strowmatt has not established grounds for excusing his procedural default, and so his claim cannot be decided on the merits.[2] Accordingly, claim one is denied.

In claim two, Strowmatt asserts ineffective assistance of trial counsel on numerous grounds, including that counsel failed to present an alibi defense, failed to subpoena witnesses, and failed to obtain and present exculpatory evidence. (DE # 1 at 3-5.) The respondent argues that these claims are procedurally defaulted. (DE # 16 at 7-8.) The court agrees. As explained above, Strowmatt did not raise any ineffective assistance claims in his petition to transfer filed with the Indiana Supreme Court on post-conviction review. (*See* DE # 15-7.) He does not offer any meritorious basis for

---

[2] Even if Strowmatt could establish grounds to excuse his procedural default, there appears to be no merit to his underlying claim. His claim is premised on *Brown*, which as the Indiana Court of Appeals held is inapplicable because he was convicted under a different portion of the statute. *See Strowmatt*, No. 71A05-0910-PC-587, slip op. at 7.

excusing his procedural default, and so these claims cannot be reached on the merits. (DE # 24 at 10.)

As to claims three and four, the respondent argues that these claims are not cognizable on federal habeas review. (DE 16 at 9-12.) The court again agrees. Strowmatt's claims are premised on alleged errors committed by the state courts on post-conviction review. (DE # 1 at 3-4.) However, federal habeas relief is not available for errors occurring in the state post-conviction proceedings, since such errors do not implicate the legality of the petitioner's confinement. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Jackson v. Duckworth*, 112 F.3d 878 (7th Cir. 1997). Strowmatt's claims do not present an independent basis for overturning his conviction, and accordingly, claims three and four are denied.

As a final matter, the court must consider whether to grant Strowmatt a certificate of appealability. 28 U.S.C. § 2253(c); RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists

11

would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

As is fully explained above, two of Strowmatt's claims are procedurally defaulted and the other two claims do not present a cognizable basis for granting federal habeas relief. The court can discern no basis on which to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Strowmatt to proceed further. Accordingly, the court declines to grant Strowmatt a certificate of appealability.

For these reasons, the court **DENIES** the petition (DE # 1) and **DECLINES** to issue a certificate of appealability.

                                    **SO ORDERED**.

Date: September 26, 2011

                                    s/James T. Moody\_
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT